IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CINDY BURLESON,

    Plaintiff,

vs.                                                                                          No. CIV 05-0073 JB/KBM

ENMR-PLATEAU TELEPHONE
COOPERATIVE and TOM PHELPS,
in his individual capacity and as general
manager and chief executive officer of
ENMR-Plateau Telephone Cooperative,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff Cindy Burleson's Motion to Amend Complaint, filed June 1, 2005 (Doc. 18). The Court held a hearing on this matter on August 25, 2005. The primary issue is whether the Court should deny the motion to amend because the new claims would be futile. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will grant Plaintiff Cindy Burleson's motion.

## PROCEDURAL BACKGROUND

On January 24, 2005, Burleson filed her Complaint against the Defendants for their alleged failure to accommodate her disability pursuant to the Americans With Disability Act and the Defendants' retaliation against her in violation of Title VII of the Civil Rights Act of 1964 and of New Mexico common law. The Defendants filed their Answer in Response to Plaintiff's Complaint on March 10, 2005. On April 21, 2005, the parties filed their Provisional Discovery Plan ("PDP"). See Provisional Discovery Plan, filed April 21, 2005 (Doc. 10).

In the PDP, the parties agreed that Burleson would be allowed to amend her pleadings by June 1, 2005. **On April 22, 2005, the Court held an initial scheduling conference, and Burleson indicated that she planned to amend the complaint to add an ERISA claim.** See Transcript of Hearing at 2:24-3:6 (taken August 25, 2005). The Court subsequently entered an order adopting the parties' PDP. See Order at 1, filed April 28, 2005 (Doc. 12). The June 15, 2005 deadline for Burleson to file an amended complaint is thus a court-ordered deadline. The PDP also established a discovery deadline of October 1, 2005.

Eight months after the Defendants filed their Answer, and four months before the expiration of the discovery deadline, Burleson filed her motion to amend her Complaint. See Motion to Amend Complaint, filed June 1, 2005 (Doc. 18). In addition to her current causes of action in the Complaint, Burleson seeks to add three causes of action: (i) for breach of implied contract; (ii) for violation of ERISA; and (iii) for tortious interference with employment relationships. See Plaintiff's First Amended Complaint for Damages. The Defendants oppose this motion.

## LAW REGARDING AMENDMENT OF PLEADINGS

The federal rules provide that, if a responsive pleading has been filed, any party wishing to amend the pleadings must do so by filing a motion with the court. See Fed. R. Civ. P. 15(a). Even if the non-moving party objects to the movant's amendment to the pleading, leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). See id. at 15(b). Courts have routinely held that leave to amend a pleading should be freely granted when justice so requires. See Gillette v. Pensy, 17 F.3d 308, 313 (10th Cir. 1994). Specifically, the United States Court of Appeals for the Tenth Circuit has determined that district courts should grant leave to amend when doing so would yield a meritorious claim. See Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir.

2001).

Courts may deny leave to amend if the amendment would be futile. See <u>Watson v. Beckel</u>, 242 F.3d 1237, 1239-40 (10th Cir. 2001); <u>Jefferson County Sch. Dist. v. Moody's Investor's Servs., Inc.</u>, 175 F.3d 848, 859 (10th Cir. 1999)("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile."). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." <u>Watson v. Beckel</u>, 242 F.3d at 1239-40.

## ANALYSIS

The claims that Burleson seeks to add to her Complaint stem from the same set of facts and circumstances as the claims in the original Complaint. The motion to amend comes at an early stage of the litigation and within the Court's imposed deadline, to which the parties agreed and which the parties proposed. The amendment of Burleson's Complaint will not unfairly or unduly prejudice the Defendants merely because it will require the Defendant to defend additional claims. Nor will amendment constitute an undue burden. Amendment of Burleson's pleadings are proper to promote justice. Justice counsels the inclusion of Burleson's additional causes of action because they occurred, and are a part of, her original claims. Amendment is necessary to provide her a full and fair opportunity to present her case.

The Defendants' primary ground for opposition is that none of these causes of action is viable. This motion is not the time, however, to decide whether Burleson's claims have merit. The Court is not prepared, on the record before it, to say that Burleson's proposed amendment is futile or to say that her claims are valid.

**I.      AN IMPLIED CONTRACT MAY ARISE FROM THE EMPLOYER'S ACTIONS.**

In New Mexico, an employment relationship is "at will" and either the employer or the employee may terminate the relationship absent an express contract to the contrary. See Gormley v. Coca-Cola Enters., 135 N.M. 128, 134, 85 P.3d 252, 258 (2003)(citing Lopez v. Kline, 124 N.M. 539, 953 P.2d 304 (1997)). An exception to the general rule, however, exists when there is an implied contract limiting the employer's authority to discharge. See id. (citing Lopez v. Kline, 124 N.M. at 306, 953 P.2d at 541). An implied contract may be found (i) in written or oral representation; (ii) in the parties' conduct; or (iii) in a combination of representations and conduct. See id., 135 N.M. at 134-35, 85 P.3d at 258-59 (citing Newberry v. Allied Stores, Inc., 108 N.M. 424, 427-28, 773 P.2d 1231, 1234-35 (1989)). Burleson contends that the Defendants' oral representations and the parties' conduct created an implied contract of employment.

In Gormley v. Coca-Cola Enterprises, Coca-Cola employed Don Gormley as a route driver and deliveryman from 1983 to 1999 before resigning because of ownership changes. Before the ownership change, Gormley's supervisor told Gormley that he would maintain his routine hours and pay following the ownership change. When the change in ownership occurred, Gormley's hours and pay rate decreased, which led him to retire. Gormley filed suit based upon, among other claims, breach of implied contract.

The trial court granted the employer's summary judgment as to the breach of implied contract claim, concluding there was no implied contract of employment. The New Mexico Court of Appeals reversed. In making their determination, the Court of Appeals held that, whether an implied contract exists is a question of fact, based on the totality of the circumstances, including the employer's oral, explicit, and definite representation. See 108 N.M. at 134-35, 85 P.3d at 258-259 (citing Hartbarger

v. Frank Paxton Co., 115 N.M. 665, 669, 857 P.2d 776, 780 (1993); Garrity v. Overland Sheepskin Co., 121 N.M. 710, 917 P.2d 1382 (1996)).  The New Mexico Court of Appeals concluded that there existed evidence for a factfinder to determine whether the implied contract existed.  The Court of Appeals then remanded the case to the trial court.

Burleson analogizes her breach of contract claim to Gormley's claim.  She alleges that an ENMR created an implied employment contract through a statement that Tom Phelps, ENMR's CEO, made to her after her supervisor told her that she wanted to terminate her.  Burleson contends that Phelps said that, as long as Burleson continued to perform her job as she had in the past, she did not have anything to worry about.  Burleson also maintains that Chief Financial Officer David Robinson repeated this statement and also told Burleson that, as long as she continued doing her job as she had been, she had nothing to worry about.

Robinson's statement came following a time where Burleson sought legal advice regarding a violation of the Americans With Disabilities Act by ENMR.  Following Phelps' statement, Burleson continued her duties and filed a claim with the Equal Employment Opportunity Commission.  Although the Defendants contend that Phelps' statement was vague, taking the totalities of the circumstances approach under Gormley v. Coca-Cola Enterprises, the Court is not prepared at this time, on the record before it, to conclude that a jury could not find that Burleson's fear of losing her employment following consultation with an attorney, prompting a conversation with Phelps, and prompting a filing of an EEOC claim following that conversation, is only a vague and general feeling regarding her employment.  Given the totality of the circumstances, and the record before the Court, the Court is not prepared to say the new claim would be futile.  The Court will therefore allow

Burleson to amend her Complaint for Damages to include a breach of implied contract claim.

**I.    THE COURT WILL ALLOW BURLESON TO AMEND THE COMPLAINT TO INCLUDE AN ERISA CLAIM AND A TORTIOUS INTERFERENCE WITH A RIGHT TO CONTRACT CLAIM.**

The Court has reviewed the bases that Burleson has put forth for amending her Complaint to include an ERISA claim and a tortious interference with a right to contract claim. As with the implied contact claim, the Court cannot conclude on the record before it that these new claims are futile. The Court will therefore allow Burleson to amend her Complaint to include these two claims. The Court will address the merits of the Defendants' challenges to these claims if and when it is brought to the Court on summary judgment.

**IT IS ORDERED** that the Plaintiff Cindy Burleson's Motion to Amend Complaint is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

John S. Stiff
Nancy Simmons
John S. Stiff & Associates, LLC
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Henry F. Narvaez
Bryan Garcia
Narvaez Law Firm, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendants*